IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CASE NUMBER 6:11-CR-00042-002 |
| v. | § | |
| | § | |
| | § | |
| | § | |
| DEREK LAMAR ELAM | § | |
| | § | |

**REPORT & RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On October 17, 2017, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Derek Lamar Elam. The government was represented by James Gillingham, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally plead guilty to the offense of Conspiracy to Possess With Intent to Distribute Hydrocodone, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The United States Sentencing Guideline range, based on a total offense level of 18 and a criminal history category of III, was 33 to 41 months. On September 12, 2012, District Judge Leonard Davis sentenced Defendant to 60 months imprisonment subject to the standard conditions of release, plus special conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $100 special assessment. On October 16, 2015, Defendant completed the terms of imprisonment and began service of the supervision term.

1

Under the terms of supervised release, Defendant was required to refrain from committing another federal, state, or local crime and was required to participate in a program of testing and treatment for drug abuse under the guidance and direction of the U.S. Probation Officer until such time as the defendant is released from the program by the probation officer. In its petition, the government alleges that Defendant violated his conditions of supervised release when he was arrested on December 8, 2016 by Longview Police Department for reportedly committing the offense of Fail to Identify a Fugitive, a Class A misdemeanor, and by failing to report for drug testing on June 6, June 15, July 11, and August 4, 2017.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by committing the offense of Fail to Identify a Fugitive in Longview, Texas, on December 8, 2016, or by failing to report for drug testing on June 6, June 15, July 11, and August 4, 2017, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of III, the Guideline imprisonment range for a Grade C violation is 5 to 11 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by committing the acts as alleged in the government's petition. In exchange, the government agreed to recommend to the Court a sentence of 5 months with no supervised release to follow.

Pursuant to the Sentencing Reform Act of 1984, the Court **RECOMMENDS** that Defendant Derek Lamar Elam be committed to the custody of the Bureau of Prisons for a term of

imprisonment of 5 months with no supervised release to follow with credit for time served from August 25, 2017. The Court **FURTHER RECOMMENDS** that the place of confinement be Seagoville, Texas to facilitate family visitation.

**So ORDERED and SIGNED this 19th day of October, 2017.**

*JOHN D. LOVE*
UNITED STATES MAGISTRATE JUDGE